UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COLLEGE STATION HOSPITAL, LP<br>*d/b/a* COLLEGE STATION MEDICAL CENTER,<br>SUBSIDIARY OF TRIAD HOSPITALS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>GREAT-WEST HEALTHCARE<br>INSURANCE COMPANY, *et al.*,<br><br>*Defendants*. | §§§§§§§§§§§§§ | CIVIL ACTION H-08-460 |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is plaintiff College Station Hospital, LP's ("College Station") motion for remand. (Dkt. 4). Having reviewed the motion, response, and applicable law, the court finds that the motion should be GRANTED.

**BACKGROUND**

On December 5, 2006, College Station admitted for treatment Krystle Dunn, an employee participant in an ERISA-governed employee benefit plan ("Plan") sponsored by University Pediatric Association ("UPA"). The following day, College Station contacted defendant Great-West Healthcare Insurance Company ("Great-West"),[1] the Plan administrator pursuant to a contract with UPA, to notify Great-West of Dunn's hospitalization. On December 8, 2006, Great-West approved the medical necessity of the services proposed by College Station and provided to Dunn. College

---

[1] Great-West, in its response, notes that College Station incorrectly named Great-West Life & Annuity Insurance Company and Great-West Healthcare of Texas, Inc., as Great-West Healthcare Insurance Company. Although neither party has been joined, this order collectively refers to the entities as Great-West.

Station discharged Dunn the same day. Great-West notified College Station on December 28, 2006, that the medical services provided Dunn would not be paid.

Subsequently, College Station sued Great-West in County Civil Court at Law No. 1 of Brazos County, Texas. College Station brought claims under the Texas Insurance Code and the Texas Business and Commerce Code.[2] Additionally, College Station alleged claims of negligence and negligent misrepresentation under the Texas common law. (Dkt. 1, Ex. 1.) Great-West timely removed the suit to the United States District Court for the Southern District of Texas, Houston Division. Great-West contends that removal is proper because federal question jurisdiction exists under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 502(a), which preempts College Station's state-law claims. Consequently, College Station moved for remand arguing that its cause of action does not relate to ERISA, but rather arises under state law.

## STANDARD OF REVIEW

A state court lawsuit is removable to federal court if it includes a claim arising under federal law. *See* 28 U.S.C. § 1441. Although federal jurisdiction is generally tested by the petition's allegations, "[t]here is an exception to the well-pleaded complaint rule . . . if Congress 'so completely preempt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542 (1987)). Complete preemption arises under the section 502 civil-enforcement provisions of ERISA when a state-law cause of action duplicates, supplements, or supplants one of the remedies provided in that section. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S. Ct. 2488 (2004); *Taylor*, 481

---

[2]   Specifically, College Station sued pursuant to Texas Insurance Code chapter 541 and Texas Business and Commerce Code § 17.46.

U.S. at 63-64. "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999); *Neumann v. AT&T Commc'ns, Inc.*, 376 F.3d 773, 779 (8th Cir. 2004). "In other words, if an individual, at some point in time, could have brought his claim under [ERISA § 502], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA [§ 502]." *See Davila*, 542 U.S. at 210. Complete preemption permits removal to federal court because the cause of action "arises under" federal law. *See Giles*, 172 F.3d at 337.[3]

## ANALYSIS

College Station claims that its state-law claims are not preempted by ERISA. Rather, College Station explains that its state cause of action asserts independent, third-party claims. In response, Great-West contends that College Station's claims are derivative of ERISA and therefore completely preempted by the federal statute.

In *Memorial Hospital System v. Northbrook Life Insurance Co.*, the Fifth Circuit held that a state-law cause of action for negligent misrepresentation brought pursuant to Texas Insurance Code § 21.21 was not preempted by ERISA. 904 F.2d 236 (5th Cir. 1990). Northbrook Insurance company, upon request from Memorial Hospital, verified that an admitted patient was covered by a health insurance plan within the scope of ERISA. After receiving the patient's hospital bill,

---

[3] Another type of preemption, express or "conflict" preemption, arises when state-law claims are asserted that "relate to any employee benefit plan described in section 1003(a) of this title and are not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). A state-law claim may "relate to" a benefit plan even if the state law is not specifically designed to affect such plans and the effect is only indirect. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S. Ct. 478 (1990) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S. Ct. 1549 (1987)). Conflict preemption is insufficient to produce federal removal jurisdiction. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 275 n.34 (5th Cir. 2004) ("Conflict preemption does not allow removal to federal court but is an affirmative defense against claims that are not completely preempted under [ERISA § 502(a)].").

Northbrook informed Memorial that the patient in fact was not covered under the ERISA health plan. Memorial sued, alleging, among other things, negligent misrepresentation in violation the Texas Insurance Code. The district court held that ERISA preempted Memorial's state-law cause of action for misrepresentation. The Fifth Circuit reversed. *Id.* The court first distinguished between hospitals asserting derivative claims for benefits and independent, third-party claims brought by health care providers. The court then noted that ERISA preemption had

> two unifying characteristics: (1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Id.* at 245. The court determined that Memorial fit into neither category and was therefore asserting its state-law claim as an independent, third-party provider of medical services. Premising its conclusion on the commercial realities faced by third-party providers, basic notions of federalism, and Congress's intent in enacting ERISA, the Fifth Circuit held that ERISA does not preempt a third-party provider's state-law claims if that third party's claim is premised on a finding that the beneficiary is not covered at all by an existing ERISA plan. *Id.* at 249-50.

In *Cypress Fairbanks Medical Center Inc. v. Pan-American Life Insurance Co.*, the Fifth Circuit clarified the scope of *Memorial*. 110 F.3d 280 (5th Cir. 1997). Within a factual context closely analogous to *Memorial*, the court explained that the preemption analysis is not solely predicated on the bare existence of an ERISA plan. "Rather, the proper inquiry is whether the beneficiary under the ERISA plan was covered at all by the terms of the health care policy, because if the beneficiary was not, the provider of health services acts as an independent, third party subject to our holding in *Memorial*." *Id.* at 284. The court found that the insured beneficiary, although

4

enrolled in an ERISA plan, was not covered by the health care plan at the time he was admitted by the health care provider. *Id.* at 285. As such, the Fifth Circuit court found that the provider's cause of action did not relate to ERISA, but rather arose under state law. *Id.*

In the case at hand, on December 15, 2006, UPA notified Great-West that Dunn's coverage under the plan had terminated retroactively "to a date five days prior to her hospitalization." (Dkt. 12.) Great-West subsequently notified College Station that it would not pay for the medical services tendered to Dunn. It is undisputed that Dunn, the beneficiary under the ERISA plan, was not covered by the terms of the health care policy at the time of her hospitalization. Because Dunn was not covered "at all," College Station, the provider of the health services, acted as an independent third party.

This action concerns alleged misrepresentations regarding the existence of coverage, rather than merely its nature or extent. Hence, College Station's cause of action does not relate to ERISA, but rather arises under state law. The court is therefore without jurisdiction. College Station's motion for remand is GRANTED.

## CONCLUSION

For the foregoing reasons, College Station's motion for remand is GRANTED. The case is REMANDED to County Civil Court at Law No. 1 of Brazos County, Texas.

Signed at Houston, Texas on April 8, 2008.

_____
Gray H. Miller
United States District Judge